UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-cr-77 IM |
| v. | INDICTMENT |
| | 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(A)(i); 843(b); 856(a) and 846; |
| | Forfeiture Allegation |
| | <u>UNDER SEAL</u> |
| GIOVANNI MARTINEZ FRANCO; ▮▮▮ | |
| **Defendants.** | |

COUNT 1
(Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises)
(21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(A)(i), 843(b), 856(a) and 846)

Beginning on an unknown date but no later than on or before the month of December 2020, and continuing until an unknown date but ending no earlier than the date of this indictment, in the District of Oregon and elsewhere, defendants ▮▮▮

▮▮▮

GIOVANNI MARTINEZ FRANCO, ▮▮▮

▮▮▮

Indictment                                                                                     Page 1

▆ and others known and unknown to the grand jury, did knowingly and intentionally combine, conspire, confederate, and agree with each other and other persons, whose identities are known and unknown, to commit the following objects in violation of Title 21, United States Code, Section 846:

## Objects of the Conspiracy

A. **Possession with Intent to Distribute Methamphetamine**: The conspirators agreed to possess with intent to distribute 50 grams or more of actual methamphetamine its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

B. **Distribution of Methamphetamine:** The conspirators agreed to distribute 50 grams or more of actual methamphetamine, its salts, isomers, or salts of its isomers, and 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

C. **Possession with Intent to Distribute Heroin**: The conspirators agreed to possess with intent to distribute 1 kilograms or more of a mixture or substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i).

D. **Distribution of Heroin**: The conspirators agreed to distribute 1 kilogram or more of a substance containing a detectible amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(i).

**Indictment**                                                                                                          **Page 2**

E.  **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony under Subchapter I of Title 21 of the United States Code, in violation of Title 21, United States Code, Section 843(b).

F.  **Maintaining Drug-Involved Premises**: The conspirators agreed to open, lease, rent, use and maintain facilities for the purpose of distributing heroin, a Schedule I controlled substance, and methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 856(a).

## Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

It was part of this conspiracy for certain of the defendants and others to store, transport, and conceal controlled substances.

It was part of this conspiracy for certain of the defendants and others to use cellular telephones to further the possession and distribution of controlled substances, and to use coded language to communicate with each other in the course of the conspiracy.

It was part of this conspiracy for certain of the defendants and others to process, store, weigh, and package controlled substances for distribution.

It was part of this conspiracy for certain of the defendants and others to maintain premises for the purposes of storing, packaging, possessing, and distributing controlled substances.

It was part of this conspiracy to use and maintain motor vehicles to transport controlled substances, money, and co-conspirators, to facilitate drug transactions, and to employ counter-

Indictment                                                                                                          Page 3

surveillance methods while driving or during the conduct of transactions, in the course of possessing with intent to distribute and distributing controlled substances and transporting drug proceeds.

It was part of this conspiracy to register vehicles, rent real property and subscribe to utilities in names that would avoid detection by law enforcement.

It was part of this conspiracy to provide physical locations for conspirators to store, process and organize the distribution of controlled substances.

It was part of this conspiracy to use money remitting services to facilitate launder drug proceeds and facilitate payment for controlled substances.

It was part of this conspiracy to smuggle money across state and international borders to facilitate drug transactions and payment for controlled substances.

In furtherance of this conspiracy, and to effect and accomplish its objectives, the defendants and other co-conspirators committed one or more of the following overt acts:

### Overt Acts

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the District of Oregon and elsewhere:

1. On or about December 29, 2020, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and others known and unknown to the grand jury, facilitated and arranged to distribute a substance containing a detectable amount of heroin, from ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2. On or about December 29, 2020, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ did transport a substance containing a detectable amount of



heroin to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓ to be stored at a premises for further distribution to other drug customers.

3. On or about December 31, 2020, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and others known and unknown to the grand jury, arranged to transfer drug proceeds from ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to a courier for transfer to an unknown destination outside the District of Oregon.

4. On or about January 16, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and others known and unknown to the grand jury, arranged to transport and did transport more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine for distribution to others.

5. On or about January 16, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and others known and unknown to the grand jury, possessed more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine for distribution to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and others, known and unknown to the grand jury, to be stored at a premises and distributed to drug customers in the Portland, Oregon metro area.

6. On or about February 1, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and others, known and unknown to the grand jury, arranged to transfer drug proceeds in the amount of $19,424 in U.S. currency to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for transfer outside the District of Oregon.

7. On or about February 10, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and others known and unknown to the grand jury, arranged to transfer 100 grams or more of a mixture and

**Indictment**                                                                                                           **Page 5**

substance containing a detectable amount of heroin to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ and others known and unknown to the grand jury.

8. On or about February 10, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ possessed with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin and did store the heroin at a premises for distribution to drug customers in the Portland, Oregon metro area.

9. On or about February 11, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ possessed with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin for distribution to drug customers in the Portland, Oregon metro area.

10. On or about February 11, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ possessed with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of methamphetamine for distribution to drug customers in the Portland, Oregon metro area.

11. On or about February 11, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ and others known and unknown to the grand jury, possessed with intent to distribute more than 1 kilogram of a mixture or substance containing a detectable amount of heroin and did store the heroin at a premises for distribution to their drug customers in the Portland, Oregon metro area.

12. On or about February 11, 2021, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ and others known and unknown to the grand jury, possessed with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and did store the methamphetamine at a premises for distribution to their drug customers in the Portland, Oregon metro area.

13. On or about February 25, 2021 **GIOVANNI MARTINEZ FRANCO,** ▮ ▮ and others, known and unknown to the grand jury, facilitated and arranged to transport more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine for distribution to ▮ ▮ and others known and unknown to the grand jury for distribution to drug customers in the Portland, Oregon metro area.

14. On or about February 25, 2021, **GIOVANNI MARTINEZ FRANCO,** ▮ and others, known and unknown to the grand jury, possessed with intent to deliver more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine for distribution to ▮ ▮ and others known and unknown to the grand jury for distribution to drug customers in the Portland, Oregon metro area.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the controlled substance offenses alleged in Count 1 of this Indictment, defendants ▮ ▮ **GIOVANNI MARTINEZ FRANCO,** ▮ shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

## SUBSTITUTE ASSETS

If any forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

Dated: March 9, 2021.

A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
Acting United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney